UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 15-30018 |
| | ) | Chapter 7 |
| WARREN BOYD DOZIER | ) | |
| SSN/ITIN xxx-xx-2564 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FORREST C. ALLRED, IN HIS | ) | Adv. No. 20-3006 |
| CAPACITY AS CHAPTER 7 TRUSTEE | ) | |
| | ) | |
| Plaintiff | ) | |
| -vs- | ) | DECISION RE:  TRUSTEE-PLAINTIFF'S |
| | ) | MOTION FOR SUMMARY JUDGMENT |
| ALOYSIUS ARENDT | ) | |
| aka Al Arendt | ) | |
| | ) | |
| Defendant. | ) | |

The matter before the Court is Trustee-Plaintiff Forrest C. Allred's Motion for

Summary Judgment.  For the reasons discussed below, the Court will deny the

motion.

I.

Warren Boyd Dozier ("Debtor") sought bankruptcy relief because he had medical

bills in excess of $1,000,000.00.  In late March 2015, Debtor hired Aloysius Arendt

("Attorney Arendt") to be his bankruptcy attorney.  Bonita "Bonnie" London and Jeff

Ice, two of Debtor's friends, paid Attorney Arendt $1,800.00 to represent Debtor.[1]

---

[1] The $1,800.00 was apparently not a gift.  A letter dated June 28, 2018 from
Attorney Katie J. Hruska to Attorney Arendt regarding Debtor's decedent's estate
indicates Jeff Ice sought reimbursement for "a bankruptcy fee and legal advances."
Though not scheduled in Debtor's bankruptcy case, the record indicates any claim Jeff
Ice had for reimbursement would have been discharged in Debtor's bankruptcy case
because Jeff Ice had actual knowledge of Debtor's bankruptcy case and Jeff Ice and

On April 5, 2015, Debtor's mother, Joyce Dozier, died.  Her will named Debtor as her sole heir.

On April 6, 2015, Bonnie London spoke to Attorney Arendt by telephone to ask whether Joyce Dozier's death would impact Debtor's bankruptcy.  Attorney Arendt advised her it would not; his time records do not indicate the basis for his opinion, and he could not recall why he gave that opinion when she called.

On May 21, 2015, Debtor filed his chapter 7 petition, schedules, and statements.  In signing the petition, Debtor declared, under penalty of perjury, that the information provided in the petition was true and correct.  Because Debtor's debts were primarily consumer debts and 11 U.S.C. § 707(b)(4)(D) applied, in signing the petition Attorney Arendt certified he had no knowledge after an inquiry that the information in the schedules was incorrect.

At question 20 on his schedule of assets, Debtor did not disclose his mother had died earlier and he was her sole heir.  On his schedule of monthly expenses, at question 24, which asked Debtor if he expected any increase or decrease in expenses within the following year, Debtor implied his mother was still living when he stated he

> resides in his mother's house in Pierre, SD, is fully disabled and pay's [sic] her rent and helps with the utilities as set forth on the Schedule J; in addition, he drives her 2001 Dodge Ram 1500 PU, pays for the insurance, gas and upkeep on the same.

Attorney Arendt has acknowledged Debtor's answer was not responsive to the

---

Debtor did not timely enter into a reaffirmation agreement.  11 U.S.C. §§ 523(a)(3) and 524(c) and (d).

question; Attorney Arendt stated he just put on the form the answer Debtor gave him.

Debtor and Attorney Arendt attended Debtor's meeting of creditors conducted by the case trustee, Forrest C. Allred, on July 1, 2015. During the meeting, Debtor affirmed under oath the truthfulness, accuracy, and completeness of his schedules and indicated no changes to them were needed. Debtor also testified he was not a beneficiary under any probate proceeding.

Trustee Allred did not find any nonexempt assets to liquidate, and he filed a report to that effect on July 7, 2015. Debtor received a general discharge of debts on September 1, 2015. Debtor's bankruptcy case was closed on October 5, 2015.

In the spring of 2017, Debtor hired Attorney Arendt to help him administer the Joyce Dozier estate.[2] Debtor died in October 2017, before the Joyce Dozier estate was fully administered. Attorney Arendt represented Bonnie London for a time when she was the personal representative of Debtor's decedent's estate and when she succeeded Debtor as the administrator of the Joyce Dozier estate.

According to an inventory filed on December 4, 2018, the Joyce Dozier estate, consisting of her house in Pierre, two vehicles, an ATV, and some household goods, had a value at the time of her death of $209,117.00. The estate's value was described on the inventory as "minus encumbrances." A Proposal for Distribution in

---

[2] Attorney Arendt's statement on page two of his summary judgment brief that in 2017 he "represented Debtor in other legal matters not related to his bankruptcy proceeding" is disingenuous and factually incomplete. Attorney Arendt's remonstration of Trustee Allred in footnote 4 of his brief, calling the trustee's arguments in his brief "yarn telling," was similarly inappropriate.

Debtor's decedent's estate, which was also filed on December 4, 2018, indicated Debtor had, in addition to his mother's home in Pierre, an interest in some real property in Gann Valley, South Dakota valued at $1,500.00.  The Proposal for Distribution stated this real property had been transferred from Debtor's decedent's estate to Jeffrey Ice on April 19, 2018.  The record is not clear whether Debtor held an interest in the Gann Valley property when he filed bankruptcy or why the property was transferred to Jeffrey Ice.[3]  The Proposal for Distribution also indicated debts of Debtor's decedent's estate totaling $1,611.85 were previously paid.

The Joyce Dozier estate was distributed, and then Debtor's probate estate was distributed.  Debtor's daughter, Lacey Boxley, received the house, then valued at $213,000.00, and two vehicles, then valued at a total of $6,000.00, plus some household goods.  Debtor's son, Lonnie Dozier, received an ATV and some household goods.

Attorney Arendt never advised Trustee Allred that Debtor–and later Debtor's decedent's estate–inherited Joyce Dozier's assets.  Attorney Arendt said he did not do so because he did not have a fiduciary obligation to the bankruptcy court.

On Trustee Allred's motion, Debtor's bankruptcy case was reopened on March 10, 2020 so the bankruptcy estate could pursue its interest in the Joyce Dozier estate.  Trustee Allred filed suit against Debtor's two children on June 8, 2020 to

---

[3] *See supra* note 1.

recover what they had received.[4]

Trustee Allred next commenced this adversary proceeding against Attorney Arendt. In his amended complaint, Trustee Allred seeks both damages from Attorney Arendt and sanctions against Attorney Arendt regarding Debtor's and Attorney Arendt's failure to disclose in Debtor's chapter 7 bankruptcy case Debtor's interest in the Joyce Dozier estate. Trustee Allred's amended complaint contains nine counts. On Attorney Arendt's earlier motion, the Court dismissed counts I, II, V, VII, and VIII.

Trustee Allred now seeks summary judgment on the remainder of his amended complaint: count III for fraud on Trustee Allred; count IV for fraud on the Court; count VI for a violation of Fed.R.Bankr.P. 9011[5] and 11 U.S.C. § 707(b)(4)(B), (C),

---

[4] Trustee Allred's complaint against Debtor's children in Adv. No. 20-3005 (D.S.D.) is being held in abeyance pending resolution of Trustee Allred's amended complaint against Attorney Arendt.

[5] In his answer to Trustee Allred's amended complaint, Attorney Arendt admits Trustee Allred "has *informally* alleged that Defendant violated Rule 9011, but specifically denies an obligation to *formally* respond to such allegations and denies that any inference should be drawn from Defendant's reluctance to respond (emphasis added)." In his summary judgment brief, Attorney Arendt asks the Court to decline to consider Trustee Allred's request for relief under Rule 9011 because Trustee Allred included it in his amended complaint and did not seek it by motion. Attorney Arendt, however, had two opportunities to file a dispositive motion challenging the procedure used by Trustee Allred in seeking redress under Fed.R.Bankr.P. 9011, but did not. Thus, it appears Attorney Arendt has waived any procedural miscues by Trustee Allred regarding Rule 9011. Moreover, the circumstances, including Debtor's death, do not permit Attorney Arendt to now withdraw or correct Debtor's offending schedules or meeting of creditors testimony, Trustee Allred's amended complaint specifically described the conduct that allegedly violates Rule 9011–his request was *not* "buried" in his amended complaint, Attorney Arendt's challenged conduct related to Debtor's bankruptcy case and was separate from this adversary proceeding, and Attorney Arendt has had notice and reasonable opportunities to respond to the trustee's Rule

and (D); and count IX for a violation of 28 U.S.C. § 1927.  Attorney Arendt resists,
arguing material facts are in dispute and Trustee Allred cannot establish necessary
elements of each count.

II.

Summary judgment is appropriate when "there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter of law."
Fed.R.Bankr.P. 7056 and Fed.R.Civ.P. 56(a).  An issue of material fact is *genuine* if
the evidence is such that a trier of fact could find for either party.  *Rademacher v. HBE
Corp.*, 645 F.3d 1005, 1010 (8th Cir. 2011).  A genuine issue of fact is *material* if its
resolution affects the outcome of the case.  *Gazal v. Boehringer Ingelheim
Pharmaceuticals, Inc.,* 647 F.3d 833, 838 (8th Cir. 2011) (cite therein).  In reviewing
a motion for summary judgment, the Court considers the pleadings, the discovery and
disclosure materials in the record, and any affidavits.  *Wood v. SatCom Marketing,
LLC*, 705 F.3d 823, 828 (8th Cir. 2013).  The Court's function is not to weigh the
evidence and determine the truth of the matter, but to determine whether there is a
genuine issue for trial.  *Tolan v. Cotton*, 572 U.S. 650, 656 (2014).  The nonmovant
receives the benefit of all reasonable inferences supported by the evidence.  *B.M. ex
rel. Miller v. South Callaway R-II School Dist*., 732 F.3d 882, 886 (8th Cir. 2013).

The movant bears the burden of identifying those portions of the record that

---

9011 allegations.  Fed.R.Bankr.P. 9011(c); *see Halverson v. Funaro* (*In re Frank
Funaro, Inc.*), 263 B.R. 892, 902 (B.A.P. 8th Cir. 2001); *Baermann v. Ryan* (*In re
Ryan*), 411 B.R. 609, 616-17 (Bankr. N.D. Ill. 2009).

demonstrate the absence of a genuine issue of material fact. *Gibson v. American Greetings Corp.*, 670 F.3d 844, 853 (8th Cir. 2012). If the movant meets its burden, the nonmovant, to defeat the motion, must establish a genuine factual issue. *Residential Funding Co. v. Terrace Mortg. Co.*, 725 F.3d 910, 915 (8th Cir. 2013). The nonmovant may not rest on mere allegations or pleading denials, *Conseco Life Ins. Co. v. Williams*, 620 F.3d 902, 910 (8th Cir. 2010), or "merely point to unsupported self-serving allegations." *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) (quoted in *Residential Funding*, 725 F.3d at 915). Instead, the nonmovant must come forward with specific facts showing there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In other words, "[a] properly supported motion for summary judgment is not defeated by self-serving affidavits. Rather, the [nonmovant] must substantiate allegations with sufficient probative evidence that would permit a finding in the [nonmovant]'s favor." *Frevert v. Ford Motor Co.*, 614 F.3d 466, 473-74 (8th Cir. 2010) (citations omitted) (quoted in *Kansas v. Bailey* (*In re Bailey*), Bankr. No. 18-41858-btf7, Adv. No. 18-04225-btf, 2019 WL 2179732, at *7 (Bankr. W.D. Mo. May 17, 2019)).

III.

COUNT III, FRAUD ON TRUSTEE ALLRED.

Both parties identified the following elements of fraud:

That a representation was made as a statement of fact, which was untrue and known to be untrue by the party making it, or else recklessly made; that it was made with intent to deceive and for the purpose of inducing the other party to act upon it; and that he did in fact rely on it

and was induced thereby to act to his injury or damage.

*Stabler v. First State Bank of Roscoe*, 865 N.W.2d 466, 477 (S.D. 2015) (citations and quotations therein omitted); *see Venture Commc'ns Coop., Inc. v. James Valley Coop. Tel. Co.*, 492 F. Supp. 3d 946, 962 (D.S.D. 2020) (federal court applies state substantive law to state law claims). Though not specifically addressed by either party, there appears to be no dispute that if a duty to disclose exists, silence by the party having the duty to disclose is also actionable. *Windedahl v. Harris*, 156 N.W. 489, 491 (S.D. 1916) ("Deceit can consist in silence when honesty requires speech, as much as in speech itself."[6]); *Conway v. Conway*, 487 N.W.2d 21, 23-24 (S.D. 1992).

Attorney Arendt does not dispute: Debtor's interest in the Joyce Dozier estate became property of Debtor's bankruptcy estate when Debtor filed his chapter 7 petition; Debtor did not initially schedule his interest in the Joyce Dozier estate or later amend his schedules to add this interest as an asset; neither Debtor nor Attorney Arendt disclosed Debtor's interest in the Joyce Dozier estate to Trustee Allred at the meeting of creditors or at any time thereafter, including when Attorney Arendt assisted Debtor in administering the Joyce Dozier estate; and Attorney Arendt did not

---

[6] The court in *Windedahl* cited Civil Code § 1201 (no year provided). The South Dakota Compiled Laws of 1910 at § 1201 (1910) defined "actual fraud" under the contracts-related chapter in the Civil Code entitled "Consent," while § 1293, under Part 3 of the Civil Code entitled "Obligations Imposed by Law," defined "deceit" to include "[t]he suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact[.]" The state code was next revised in 1919.

take any steps to ensure the assets of the Joyce Dozier estate were not transferred to others, to the exclusion of Debtor's bankruptcy estate.  Attorney Arendt also does not dispute Trustee Allred relied on Debtor's schedules and Debtor's meeting of creditors testimony and closed Debtor's bankruptcy case without administering any assets, resulting in a yet undetermined injury to the bankruptcy estate and its creditors.  Thus, of the elements of fraud cited by the parties, two remain at issue: Did Attorney Arendt make a fraudulent statement—or remain silent when he had a duty to disclose—and, if so, whether Attorney Arendt spoke—or remained silent—with an intent to deceive and for the purpose of inducing Trustee Allred to act upon it.

The present record shows Attorney Arendt electronically filed schedules in which Debtor did not disclose his interest in the Joyce Dozier estate, Attorney Arendt remained silent at the meeting of creditors when Debtor testified he was not the beneficiary of a probate estate, and, when Attorney Arendt later began to represent Debtor in the administration of the Joyce Dozier estate, Attorney Arendt did not notify Trustee Allred the Joyce Dozier estate had assets Debtor was going to receive.  What the undisputed record does not show—and thus what first precludes summary judgment in Trustee Allred's favor—is Attorney Arendt had a duty *to Trustee Allred* to ensure the accuracy of Debtor's schedules or the truthfulness of Debtor's testimony at the meeting of creditors or to advise Trustee Allred directly of Debtor's interest in

the Joyce Dozier estate.  Trustee Allred has not specifically identified that duty,[7] originating either in statute,[8] an applicable standard of professional conduct, or common law.  *See Taco John's of Huron, Inc. v. Bix Produce Co., LLC*, 2008 WL 11450655, at *1-2 (D.S.D. Sept. 18, 2008).  Thus, at trial, Trustee Allred will first need to establish Attorney Arendt's duty to disclose.  *First American Bank & Trust, N.A. v. Farmers State Bank of Canton*, 756 N.W.2d 19, 26 (S.D. 2008) (in determining whether a duty exists, the court examines whether a relationship exists between the parties such that the law imposes on the defendant a legal obligation of reasonable conduct for the benefit of the plaintiff) (citations and quotations therein omitted).  In establishing that duty, Trustee Allred must, of course, be cognizant of Attorney Arendt's representation of Debtor at all material times, since Attorney Arendt

---

[7] Trustee Allred's amended complaint only makes a general allegation of duty:

Despite his continuing duty as an officer of the court, under the provisions of the Bankruptcy Code and under the Federal Rules of Bankruptcy Procedure to reveal that the Inherited House and other assets of Joyce Dozier had been in Mr. Dozier's legal possession at the time of the filing of his bankruptcy, [Attorney Arendt] did not seek to inform [Trustee Allred] of [Debtor's] estate's ownership of the Inherited House at any time[,] including while he represented Mr. Dozier's probate estate.

Trustee Allred makes similar general references and arguments regarding Attorney Arendt's duties in the trustee's summary judgment brief.  The record, however, does not clearly identify what creates Attorney Arendt's duties as an officer of the court or what those specific duties are.

[8] The Court excludes 11 U.S.C. § 707(b)(4)(B), (C), and (D) and Fed.R.Bankr.P. 9011 from its consideration under count III for fraud since count VI of Trustee Allred's amended complaint relies on those provisions.

cannot be required to serve two competing interests. *Cleveland v. BDL Enterprises, Inc.*, 663 N.W.2d 212, 218-19 (S.D. 2003) (citing *Chem-Age Industries, Inc. v. Glover*, 652 N.W.2d 756, 769 (S.D. 2002)).

Trustee Allred will also need to establish Attorney Arendt intended to deceive him. Though Trustee Allred believes the present record is sufficient to determine Attorney Arendt's intent, it is not. *Compare, e.g., Valley Exch. Bank v. Vucurevich* (*In re Vucurevich*), Bankr. No. 11-40501, Adv. No. 12-4006, 2014 WL 3386287, at *5 (Bankr. D.S.D. July 9, 2014), *aff'd,* CIV. 14-4114-KES, 2015 WL 632126 (D.S.D. Feb. 13, 2015). As noted above from *Tolan v. Cotton*, on a summary judgment motion, the Court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. Determining Attorney Arendt's intent on the present record would, obviously, require a weighing of evidence. Moreover, the credibility of his and any other witness's testimony regarding Attorney Arendt's intent is better discerned at trial. *Sherr v. HealthEast Care System*, 999 F.3d 589, 597 (8th Cir. 2021) (at the summary judgment stage, the trial court does not weigh the evidence, make credibility determinations, or attempt to discern the truth of any factual issues) (quoting therein *Morris v. City of Chillicothe*, 512 F.3d 1013, 1018 (8th Cir. 2008)). The Court will deny Trustee Allred's motion for summary judgment under count III.

### COURT IV, FRAUD ON THE COURT.

Under count IV, Trustee Allred alleges Attorney Arendt made numerous false

representations of fact or omissions in the bankruptcy filings he prepared and filed for Debtor, these representations and omissions were material and Attorney Arendt knew they were false or should have known they were false, and Attorney Arendt's actions were a fraud on the Court, subjecting Attorney Arendt to civil contempt under 11 U.S.C. § 105 and the Court's inherent contempt power.

"Fraud on the court is an extraordinary means by which to obtain equitable relief and requires the plaintiff to prove no adequate remedy at law." *GAF Holdings, LLC v. Rinaldi* (*In re Farmland Industries, Inc*.), 639 F.3d 402, 405 (8th Cir. 2011) (citing *Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873, 878 (8th Cir. 2010)). Further,

> [a] finding of fraud on the court . . . "is justified only by the most egregious misconduct directed to the court itself, such as bribery of a judge or jury or fabrication of evidence by counsel." *Landscape Props., Inc. v. Vogel*, 46 F.3d 1416, 1422 (8th Cir. 1995). The category is narrowly defined, and does not include "fraud between the parties or fraudulent documents, false statements or perjury." *United States v. Smiley*, 553 F.3d 1137, 1144 (8th Cir. 2009) (internal quotation omitted).

*Fulmer v. Fifth Third Equip. Fin. Co.* (*In re Veg Liquidation, Inc*.), 931 F.3d 730, 738-39 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 904, 205 L. Ed. 2d 463 (2020).

Nothing in the present record establishes Trustee Allred is entitled to judgment as a matter of law under count IV. The trustee's allegations regarding Attorney Arendt's preparation and filing of Debtor's schedules, remaining silent at the meeting of creditors, and remaining silent when he knew the Joyce Dozier estate held assets for Debtor's bankruptcy estate do not, as a matter of law, meet the definition of a

fraud on the Court.  Accordingly, the Court must deny Trustee Allred's motion for

summary judgment under count IV.

COUNT VI, VIOLATION OF FED.R.BANKR.P. 9011
AND 11 U.S.C. § 707(b)(4)(B), (C), and (D).

Under count VI, Trustee Allred alleges Attorney Arendt violated both

Fed.R.Bankr.P. 9011 and 11 U.S.C. § 707(b)(4)(B), (C), and (D).

> Rule 9011, now enhanced by the § 707(b) additions to the Code,
> evinces a policy that a debtor's attorney exercise independent diligence
> and care in ensuring that there is evidentiary support for the information
> contained in his client's bankruptcy schedules.  *In re Dean*, 401 B.R. at
> 924.  Factors the court may consider in deciding whether the debtor's
> attorney has fulfilled his obligation to verify the accuracy of that
> information include:  (1) whether the attorney impressed on the debtor
> the critical importance of accuracy in preparation of any documents to
> be presented to the court, (2) whether the attorney sought from the
> debtor, and then reviewed, whatever documents were within the
> debtor's possession or control in order to verify the information, and (3)
> whether the attorney employed such external verification tools as were
> available and not time- or cost-prohibitive.  *Id*.

*In re Triepke*, No. 09-21855-DRD-7, 2012 WL 1229524, at *5 (Bankr. W.D. Mo.

Apr. 12, 2012); *Orton v. Hoffman* (*In re Kayne*), 453 B.R. 372, 385 (B.A.P. 9th Cir.

2011).  Federal Rule of Bankruptcy Procedure 9011 provides, in relevant part:

> **(b) Representations to the Court.**  By presenting to the court (whether by
> signing, filing, submitting, or later advocating) a petition, pleading,
> written motion, or other paper, an attorney or unrepresented party is
> certifying that to the best of the person's knowledge, information, and
> belief, formed after an inquiry reasonable under the circumstances,—
>
> > (1) it is not being presented for any improper purpose, such as to
> > harass or to cause unnecessary delay or needless increase in the
> > cost of litigation;
> > . . . .

-13-

> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

Under Rule 9011, an attorney is required to make a reasonable investigation into the facts and has a duty to "'stop, think and investigate more carefully before . . . filing papers' with the court or making assertions in those papers." *Young v. Young* (*In re Young*), 789 F.3d 872, 880 (8th Cir. 2015) (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990)).  An "objective standard of reasonableness under the circumstances" is used to determine if a Rule 9011 violation has occurred. *Scott v. Anderson* (*In re Scott*), 627 B.R. 134, 139 (B.A.P. 8th Cir. 2021).

> "The 'pure-heart-and-empty-head' defense is not available to anyone faced with Rule 9011 sanctions." *In re Rivera*, 342 B.R. 435, 460 (Bankr. D.N.J. 2006).  This is because "[t]he potential for mischief to be caused by an attorney who is willing to skirt ethical obligations and procedural rules is enormous." *Armstrong*, 487 B.R. at 774.

*Young*, 789 F.3d at 881.

The present record does not sufficiently set forth uncontroverted material facts regarding what inquiry Attorney Arendt made before preparing and filing Debtor's schedules and statements and before certifying these documents, to the best of his knowledge, information, and belief, to ensure each criterion in subsections (b)(1), (3), and (4) of Rule 9011 were met.  The record is also not well developed regarding the circumstances surrounding Attorney Arendt's inquiry.  Thus, the record does not

establish his inquiry was not reasonable and the Court cannot summarily determine

Attorney Arendt violated Rule 9011. Since 11 U.S.C. § 707(b)(4)(B) first requires a

violation of Rule 9011, the Court also cannot summarily determine Attorney Arendt

violated § 707(b)(4)(B).

Section 707(b)(4)(C) of Title 11 provides:

(C) The signature of an attorney on a petition, pleading, or written motion shall constitute a certification that the attorney has—

  (i) performed a reasonable investigation into the circumstances that gave rise to the petition, pleading, or written motion; and

  (ii) determined that the petition, pleading, or written motion—

    (I) is well grounded in fact; and

    (II) is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law and does not constitute an abuse under paragraph (1).

Section 707(b)(4)(C) serves as an enhancement to Rule 9011. The "reasonable investigation" under this section is indistinct from the "reasonable inquiry" under Rule 9011. To comply with Section 707(b)(4)(C), the attorney must perform an objectively reasonable investigation into the circumstances giving rise to the petition, assessed at the time the petition was filed. 11 U.S.C. § 707(b)(4)(C) (2012). The attorney cannot take [all] of the client's assertions at face value nor rely solely upon the information provided by the client. The attorney may rely on her client's objectively reasonable assertions, but where the client-provided information is internally (or externally) inconsistent, materially incomplete, or raises "red flags," the attorney is obligated to probe further—by asking questions, obtaining additional documents, or by some other means. Again, the attorney is the expert and cannot rely upon a client's limited understanding of what constitutes the "complete" or "necessary" information that the attorney must have nor what information is or is not relevant to the client's particular situation.

*Dignity Health v. Seare* (*In re Seare*), 493 B.R. 158, 211 (Bankr. D. Nev. 2013), *aff'd*

*sub nom. DeLuca v. Seare* (*In re Seare*), 515 B.R. 599 (B.A.P. 9th Cir. 2014).

Trustee Allred has not alleged Debtor's petition was not well grounded in fact or not warranted by existing law. Further, the present record yields very little regarding the extent of Attorney Arendt's investigation into the circumstances that gave rise to Debtor's petition. Accordingly, the Court cannot grant Trustee Allred summary judgment under § 707(b)(4)(C).

Subsection D of § 707(b)(4) provides: "The signature of an attorney on the petition shall constitute a certification that the attorney has no knowledge after an inquiry that the information in the schedules filed with such petition is incorrect." "Although Rule 9011 and section 707(b)(4)(D) are not identical, they both aim to prevent lawyers from carelessly presenting unsubstantiated factual information and unsupported arguments to the court." *In re Gistis*, Bankr. No. 18-10710, 2020 WL 1486777, at *4 (Bankr. D. Me. Mar. 24, 2020).

> These provisions are worded in a cumbersome fashion and they are clumsily organized. . . . But, their general drift is clear: debtors' counsel are to exercise significant care as to the completeness and accuracy of *all* recitations on their clients' schedules, after they have made a factual investigation and legal evaluation that conforms to the standards applicable to any attorney filing a pleading, motion, or other document in a federal court. The content of a debtor's petition and schedules is relied on, and should have the quality to merit that reliance.

*In re Robertson*, 370 B.R. 804, 809 n.8 (Bankr. D. Minn. 2007). Further, though the case law is a bit muddled,[9] it appears § 707(b)(4)(C), § 707(b)(4)(D), and Rule 9011

---

[9] Some lack of clarity in the case law may be due in part to the fact that Rule 9011 and § 707(b)(4)(D) reference an attorney's "inquiry," while § 707(b)(4)(C) references an attorney's "investigation." Further, unlike Rule 9011 and

are to be read together and a debtor's attorney who fails to conduct a reasonable investigation into the facts underlying the debtor's schedules may be sanctioned under Rule 9011 and § 707(b)(4)(D).  *Kayne*, 453 B.R. at 381-82.  The reasonableness of the attorney's inquiry is viewed objectively.  *Gistis*, 2020 WL 1486777, at *4 (citing *Lafayette v. Collins* (*In re Withrow*), 405 B.R. 505, 512 (B.A.P. 1st Cir. 2009)).

As with Debtor's petition, the present record does not contain undisputed material facts regarding the nature and extent of Attorney Arendt's inquiry into the facts underlying Debtor's schedules and the circumstances surrounding that inquiry.  Accordingly, the Court cannot grant Trustee Allred summary judgment under § 707(b)(4)(D).

COUNT IX, VIOLATION OF 28 U.S.C. § 1927.

Trustee Allred relies on 28 U.S.C. § 1927 for his final remaining count.  It provides:

> **Counsel's liability for excessive costs.**  Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Under § 1927, a court may award costs and fees when an attorney's conduct, viewed objectively, manifests either an intentional or a reckless disregard of the attorney's duties to the court.  *Lee v. First Lenders Ins. Servs., Inc.*,

---

§ 707(b)(4)(C), § 707(b)(4)(D) does not state the attorney's inquiry must be "reasonable."

236 F.3d 443, 445 (8th Cir. 2001) (quoting therein *Lee v. L.B. Sales*, Inc., 177 F.3d 714, 718 (8th Cir. 1999)).  The court must strictly construe § 1927, so it does not "dampen the legitimate zeal of an attorney in representing his client[.]"  *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc*., 38 F.3d 1414, 1416 (5th Cir. 1994) (quoted in *Lee v. L.B. Sales, Inc*., 177 F.3d at 718).

This Court was unable to find the Court of Appeals for the Eighth Circuit recognizes a bankruptcy court has authority to award sanctions under § 1927.  *Brown v. Mitchell* (*In re Arkansas Communities, Inc.*), 827 F.2d 1219, 1221 (8th Cir. 1987) (cited in *Walton v. LaBarge* (*In re Clark*), 223 F.3d 859, 864-65 (8th Cir. 2000)); *Irwin v. West Gate Bank* (*In re Shade, Inc.*), Bankr. No. 05-43546-TJM, Adv. No. 08-4033-TLS, 2008 WL 3876327 (Bankr. D. Neb. Aug. 18, 2008).  While the parties have consented to this Court's entry of a final judgment, Trustee Allred has not provided a legal road map that establishes the parties' consent may extend to this Court's application of 28 U.S.C. § 1927.  Accordingly, the Court cannot grant Trustee Allred summary judgment under count IX as a matter of law.

An order will be entered denying Trustee Allred's Motion for Summary Judgment and setting a final pre-trial conference.

Dated:  December 15, 2021.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Bankr. No. 15-30018 |
| | ) | Chapter 7 |
| WARREN BOYD DOZIER | ) | |
| SSN/ITIN xxx-xx-2564 | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| FORREST C. ALLRED, IN HIS | ) | Adv. No. 20-3006 |
| CAPACITY AS CHAPTER 7 TRUSTEE | ) | |
| | ) | |
| Plaintiff | ) | ORDER DENYING |
| -vs- | ) | TRUSTEE-PLAINTIFF'S |
| | ) | MOTION FOR SUMMARY |
| ALOYSIUS ARENDT | ) | JUDGMENT AND SETTING |
| aka Al Arendt | ) | FINAL PRE-TRIAL CONFERENCE |
| | ) | |
| Defendant. | ) | |

In recognition of and compliance with the decision entered this day; now, therefore,

IT IS HEREBY ORDERED Trustee-Plaintiff Forrest C. Allred's Motion for Summary Judgment (doc. 48) is denied.

IT IS FURTHER ORDERED a final pre-trial conference with counsel for both parties will be held January 6, 2022 at 11:45 a.m. (Central) to set a trial date. The conference will be telephonic. The Court will initiate the call.

So ordered: December 15, 2021.

BY THE COURT:

Charles L. Nail, Jr.
Bankruptcy Judge

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered
on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota